U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

SEP 1 1 2009

CLERK, U.S. DISTRICT COURT

By _____
        Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **FREDDIE GEORGE DAVIS,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-CV-262-A |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Freddie George Davis, TDCJ-ID # 624768, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

### C. FACTUAL AND PROCEDURAL HISTORY

In 1992 Davis was convicted pursuant to a plea agreement of delivery of a controlled

substance in Johnson County, Texas, and sentenced to fifteen years' confinement in TDCJ. (Resp't Answer, Exhibit A) Davis was released on parole in May 1994, which was later revoked. (*Id.*, Exhibit B at 1) On September 29, 2000, Davis was released on mandatory supervision. While on release, Davis was arrested for possession of cocaine in Tarrant County, Texas, for which he was convicted on February 26, 2007, and sentenced pursuant to a plea bargain agreement to seven years' confinement, the sentence to run concurrently with his 15-year sentence. (State Habeas R. at 22-30) Davis's mandatory supervision was revoked on June 8, 2007, as a result of the new charge. (Parole Revocation Packet at 1) TDCJ forfeited Davis's prior earned good time and denied Davis street time credit toward his sentence for the time he spent on release. (Resp't Answer, Exhibit B, at 1) Davis pursued administrative time credit dispute resolution and state habeas relief to no avail. (*Id.*, Exhibit D); *Ex parte Davis*, Application No. WR-71,637-01, at cover. This federal petition for writ of habeas corpus was filed on March 27, 2009.[1]

## D. ISSUES

Davis claims he is entitled to street time credit toward his sentence for six years and four months, which would immediately cause his 15-year sentence to cease to operate. (Petition at 7)

## E. RULE 5 STATEMENT

Thaler contends that Davis's claim is barred by the statute of limitations or is unexhausted. (Resp't Answer at 3-9)

## F. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal

---

[1]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of parole and mandatory supervision revocation proceedings and the resultant loss or denial of time credits subsection (D) governs when the limitations period begins to run, or the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated

3

for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Presumably, Davis knew, or could have discovered through due diligence, on the date his mandatory supervision was revoked, or shortly thereafter, that he was not entitled to and would not be credited for street time. In fact, at the time he was released, his "Certificate of Mandatory Supervision" notified him in bold-faced type that revocation of his mandatory supervision would forfeit time served on mandatory supervision. (Parole Revocation Packet at 8) Thus, Davis knew or should have known when he was released on mandatory supervision that he would forfeit his street time if his mandatory supervision was revoked. Thus, the statute of limitations began on Davis's claim on June 8, 2007, the date his mandatory supervision was revoked, and closed one year later on June 8, 2008, subject to any applicable tolling.

Davis's time credit dispute resolution form was received by TDCJ's Classification and Records Division on March 11, 2008, and a response was provided on November 17, 2008. (Resp't Answer, Exhibits B & D) The administrative proceeding was pending 251 days, thereby extending the limitations period to January 14, 2009.[2] However, Davis's state habeas application filed on February 3, 2009, after the federal limitations period had already expired, did not operate to toll the running of the federal period for purposes of § 2244(d)(2).[3] *See Scott v. Johnson*, 227 F.3d 260, 263

---

[2]The state argues the pendency of the state-mandated time credit dispute resolution process does not toll the limitations period, however, this court has held otherwise. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004); *Broadnax v. Cockrell*, No. 04:03-CV-524-A, 2003 WL 22244681, at *3 (N.D.Tex. Sep.17, 2003); *see also Kimbrell*, 311 F.3d at 364 (providing that "the timely pendency of prison grievance procedures would have tolled the one-year period" had Kimbrell timely pursued such administrative relief).

[3]Davis's state application was dismissed by the Texas Court of Criminal Appeals without
(continued...)

(5th Cir. 2000). Nor has Davis alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Davis's petition for writ of habeas corpus be dismissed as time-barred.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 2, 2009. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

---

[3](...continued)
written order. Thus, even if the application had been filed before expiration of the limitations period, most likely, it was not properly filed for purposes of the tolling provision.

before the magistrate judge is not specific.  Failure to file specific written objections will bar the

aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v.*

*United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 2, 2009, to serve

and file written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation.  It is further ordered that if objections are filed and the opposing party chooses

to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the

United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is

returned to the docket of the United States District Judge.

SIGNED September 11, 2009.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE